UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT VERDI,

                            Plaintiff,

        v.                                                                                       9:22-CV-0825
                                                                                       (BKS/CFH)

R. FARAH, et al.,

                            Defendants.
_____

APPEARANCES:

VINCENT VERDI
Plaintiff, Pro Se
19-A-2467
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589


BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Vincent Verdi commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with the applicable filing fee. Dkt. No. 1 ("Compl."). By Decision and Order filed on September 14, 2022, the Court reviewed the complaint in accordance with 28 U.S.C. § 1915A(b), dismissed plaintiff's Section 1983 claim against one of the named defendants, found that plaintiff's Section 1983 claim against Dr. HLA-PE-WJN survived sua sponte review, and directed plaintiff to take further steps

regarding service on Dr. HLA-PE-WJN.  Dkt. No. 6 ("September 2022 Order").

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 9 ("Am. Compl.").[1]

## II. DISCUSSION

### A. The Complaint and September 2022 Order

In his original complaint, plaintiff asserted claims based on alleged wrongdoing that occurred while he was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Shawangunk Correctional Facility. *See generally* Compl.

More specifically, the complaint alleged that plaintiff, a sixty-seven-year-old man, "suffers from degenerative osteoarthritis[,]" and began experiencing "excruciating pain in his left hip" in or around October, 2021.  Compl. at 2-4.  The complaint further alleged that plaintiff spoke with defendant Dr. HLA-PE-WJN about his pain around this time, and this official (1) scheduled plaintiff for an x-ray, which occurred in November, 2021, and (2) became aware, by early January, 2022, of a radiological report prepared on December 15, 2021, wherein a radiologist determined that plaintiff "suffered a 9mm osseous fragment seen inferior to the left pubic arch[,]" and "suffers from degenerative osteoarthritis of his left hip and knee."  *Id*. at 2-3.

---

[1] Before plaintiff filed his amended complaint, he filed a letter request seeking permission to file a motion to supplement his complaint, apparently based on his belief that the original complaint is (or was ruled to be) "defective."  Dkt. No. 7.  By Text Order entered on October 3, 2022, plaintiff was advised that he "may file a motion to supplement his complaint in accordance with Fed. R. Civ. P. 15(d) and the Local Rules of Practice for this District[,]" but his "failure to timely comply" with the directive in the September 2022 Order regarding documents needed for service "may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a)."  Dkt. No. 8 ("October 2022 Text Order").  In light of plaintiff's pro se status, the Court also extended his deadline to submit "one of the . . . two sets of documents required for service" to November 2, 2022.  *Id*.  Rather than comply with the directive in the September 2022 Order and October 2022 Text Order, plaintiff filed his amended complaint.

According to plaintiff, despite Dr. HLA-PE-WJN's awareness of his condition, Dr. HLA-PE-WJN failed to inform plaintiff of the radiological report, and thereafter delayed plaintiff's requests for further evaluations until April 7, 2022, at which time Dr. HLA-PE-WJN denied plaintiff certain treatment and aids that he requested, including a chair in his cell. *Id.* at 3-5. Thereafter, Dr. HLA-PE-WJN allegedly made a false statement on a "Special Accommodation Request" form that plaintiff completed in an effort to obtain a chair in his cell, and failed to further treat plaintiff's condition. *Id.* at 5-6, 8, 10.

In addition to Dr. HLA-PE-WJN, plaintiff named Dr. HLA-PE-WJN's supervisor, Deputy Superintendent for Administration Farah, as a defendant based on this official's alleged failure to remedy the alleged deprivation of medical care after plaintiff sent him letters on May 3 and June 3, 2022. Compl. at 6-7.

The complaint was construed to assert Eighth Amendment medical indifference claims against Dr. HLA-PE-WJN and Deputy Superintendent for Administration Farah, in their individual and official capacities. *See* September 2022 Order at 3-7.

After reviewing the complaint pursuant to 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims for monetary relief against the defendants in their official capacities with prejudice, dismissed his Section 1983 claim against defendant Farah without prejudice for failure to state a claim upon which relief may be granted, and found that his Eighth Amendment claim against Dr. HLA-PE-WJN survived sua sponte review. *Id.*

**B.     Overview of the Amended Complaint**

Plaintiff's amended complaint re-asserts the same claims contained in the original complaint, and is materially similar to that pleading, except that the amended complaint includes supplemental allegations of wrongdoing that occurred after the filing date of the

3

original complaint.  *Compare* Am. Compl. *with* Compl.  The following supplemental allegations are set forth as alleged in the amended complaint.

After plaintiff sent a letter to defendant Farah on June 3, 2022, plaintiff received a letter from RN/NA Ruiz (not a party) on July 19, 2022.  Am. Compl. at 15.  The letter included an apology for Dr. HLA-PE-WJN's failure to address plaintiff's "medical issues" during his last visit, and a representation that this official had spoken with Dr. HLA-PE-WJN, and that plaintiff was scheduled for an appointment with him "within the month" to discuss his issues.  *Id.* at 15-16, 33.  Despite this representation, Dr. HLA-PE-WJN "never scheduled an appointment with the plaintiff."  *Id.* at 16.  Plaintiff continues to suffer challenges "performing life's simplest daily functions[,]" and his condition continues to worsen.  *Id.*

Liberally construed, the amended complaint reasserts Eighth Amendment medical indifference claims against defendants Dr. HLA-PE-WJN and Deputy Superintendent for Administration Farah in their individual capacities.[2]

Plaintiff seeks monetary relief.  Am. Compl. at 12.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.    Analysis**

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915A(b).  The legal standard governing the dismissal of a pleading for failure to state a

---

[2] As in the original complaint, the amended complaint once again alleges that Dr. HLA-PE-WJN made false statements in records related to plaintiff's request for a chair in his cell, and purports to assert claims under the Fourteenth Amendment.  *See* Am. Compl. at 12, 17-18.  The Court does not construe the amended complaint to assert any cognizable claims under the Fourteenth Amendment.  Rather, plaintiff's claims based on inadequate medical treatment arise under the Eighth Amendment.  Furthermore, as indicated in the September 2022 Order, the creation of false statements in an inmate's medical file does not, without more, give rise to a constitutional claim.  *See* September 2022 Order at 7 n.2 (collecting cases).

claim pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the September 2022 Order, and will not be restated in this Decision and Order.  *See* September 2022 Order at 2-3.[3]

As noted above, the allegations in the amended complaint are materially similar to the allegations in the original complaint with respect to plaintiff Eighth Amendment claim against Dr. HLA-PE-WJN.  Accordingly, and for the reasons set forth in the September 2022 Order, plaintiff's Eighth Amendment claim against this official once again survives initial review.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

With respect to defendant Farah, generally speaking, plaintiff's Eighth Amendment claim is based on this official's alleged failure to intervene to address Dr. HLA-PE-WJN's inadequate treatment despite receiving letters from plaintiff on May 3 and June 3, 2022.  *See* Am. Compl. at 14-15, 17-18.

As an initial matter, the two letters plaintiff sent to defendant Farah sought this official's intervention only with respect to Dr. HLA-PE-WJN's refusal to approve plaintiff for a chair in his cell, which plaintiff believed was necessary to alleviate "acute pelvic pain."  *See* Am. Compl. at 30-32.[4]  The amended complaint does not allege that defendant Farah is a medical professional, and the documents attached to the amended complaint show that (1) when plaintiff sent his first letter to defendant Farah, he had a pending grievance regarding Dr. HLA-PE-WJN's denial of his request for a medical permit for a chair in his cell, which

---

[3]  The legal standard governing an Eighth Amendment medical indifference claim was also discussed at length in the September 2022 Order and will not be restated herein.  *See* September 2022 Order at 9-12.

[4]  The first letter also acknowledged that Dr. HLA-PE-WJN had ordered a second x-ray of plaintiff's hip. Am. Compl. at 31.

5

remained pending (on appeal) when plaintiff sent defendant Farah the second letter on June 3, 2022, and (2) plaintiff's request for a chair was originally granted on May 3, 2022, by the Inmate Grievance Review Committee, and that determination was reversed by the Superintendent of Shawangunk C.F., based on the opinion of the Nurse Administrator that a chair in plaintiff's cell would present a security and safety risk.  Am. Compl. at 21-31.

In light of the foregoing, even assuming defendant Farah received and read plaintiff's letters, his decision to defer to Dr. HLA-PE-WJN's medical determination and the grievance process, which included another opinion expressed by a medical professional, does not plausibly suggest deliberate indifference to plaintiff's serious medical needs.  *See, e.g.*, *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("We see no reason why [the Superintendent] should have intervened in advance of [a Tier III hearing] in which Colon was to be given the opportunity to substantiate the claim that he made in his letter. We therefore conclude that no reasonable jury could have held Senkowski liable."); *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir.2003) (non-medical professional's "automatic and complete deference" to complained-of medical decision "is not, by itself, sufficient evidence" of deliberate indifference); *Feliciano v. Anderson*, No. 15-CV-4106, 2017 WL 1189747, at *14 (S.D.N.Y. Mar. 30, 2017) (plaintiff failed to state a claim with respect to correctional officer because "[c]orrections officers who defer to the judgment of medical professionals are only liable if the plaintiff pleads facts demonstrating that the 'nonmedical defendants should have challenged the medical professionals' decisions'" (quoting *Smith v. Wilson*, No. 9:12-CV-01152, 2013 WL 5466857, at *9 (N.D.N.Y. Sept. 30, 2013))); *Whittle v. Ulloa*, No. 15-CV-8875, 2016 WL 7351895, at *5 (S.D.N.Y. Dec. 19, 2016) ("[A] non-medical administrator's pro forma denial of a grievance based on deference to the opinions of medical staff does not establish that

non-medical administrator's personal involvement.").

Furthermore, the supplemental allegations in the amended complaint (and new document attached thereto) indicate that plaintiff was contacted by RN/NA Ruiz on July 19, 2022, and informed that he was scheduled for an appointment with Dr. HLA-PE-WJN "within the month" to discuss his medical issues. Am. Compl. at 15, 33. Even if the Court were to assume that defendant Farah was aware of this communication, the Court has no basis to plausibly infer from the allegations in the amended complaint that this official knew at the time that (1) Dr. HLA-PE-WJN could not address plaintiff's medical needs at the scheduled appointment, or (2) this appointment would be canceled. In addition, the amended complaint is devoid of any allegations which plausibly suggest that plaintiff contacted defendant Farah, filed a grievance regarding continued lack of medical care, or otherwise took steps that could have made this official aware that Dr. HLA-PE-WJN allegedly continued to ignore his treatment needs at any point after June 3, 2022. Thus, the Court also has no basis to plausibly infer from the supplemental allegations in the amended complaint that defendant Farah acted with deliberate indifference to plaintiff's serious medical needs at any point after June 3, 2022.

In light of the foregoing, as well as for the reasons set forth in the September 2022 Order, plaintiff's Eighth Amendment medical indifference claim against defendant Farah is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See also McCrary v. Marks*, 836 Fed. App'x 73, 74 (2d Cir. 2021) (citing *Tangreti v. Bachmann*, 983 F.3d 609, 618-19 (2d Cir. 2020), and noting that allegations that an official received a complainant's letter and directed another official to respond is "clearly not enough to state a claim" against the recipient of the letter); *Delee v. Hannigan*, 729 Fed. App'x 25, 32

7

(2d Cir. 2018) (summary order) (defendant's "decision not to act on a letter received ... [was] insufficient to establish personal involvement by a supervisor" under section 1983); *McCluskey v. Roberts*, No. 20-4018, 2022 WL 2046079, at *4 (2d Cir. June 7, 2022) (same).

## III. SERVICE

Despite plaintiff having been advised twice of his obligation to provide the Court with further documentation in order for service to be attempted on Dr. HLA-PE-WJN, he has failed to timely do so.  In light of plaintiff's filing of the amended complaint, the Court will afford him a **final opportunity** to do one of the following two things within thirty (30) days: (1) submit a signed and completed IFP application, certified by an appropriate official at his current facility, for the Court to consider in accordance with 28 U.S.C. § 1915;[5] or (2) submit a motion requesting service by the United States Marshal.

In the event plaintiff chooses the first option, the Court will evaluate whether he has demonstrated sufficient economic need and, in addition, whether the "three strikes" provision of Section 1915(g) bars him from proceeding IFP.  If plaintiff's IFP application is granted, the U.S. Marshals Service will be appointed to effect service of process of the summons and complaint on plaintiff's behalf.  *See* 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [IFP] cases.").[6]

If plaintiff chooses the second option, he is advised that his motion requesting service by the United States Marshal must be accompanied by (1) payment of the service fee due to

---

[5]  Certified account statements may be submitted in lieu of the completed certificate portion of the IFP application.  *See* 28 U.S.C. § 1915(a)(2).

[6]  If the IFP application is denied, plaintiff will be responsible for serving the summons and complaint.

the U.S. Marshal in full in advance by money order or certified check,[7] and (2) all necessary papers for service, including a completed U.S. Marshals Form (USM-285 Form) for defendant HLA-PE-WJN, and one copy of the amended complaint.  The service documents and payment of the service fee should be sent to the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367, to be forwarded by the Clerk to the U.S. Marshal.

Plaintiff is further advised that his failure to timely comply with the aforementioned directive regarding documents for service will result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a).

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint is accepted for filing and is the operative pleading; and it is further

**ORDERED** that plaintiff's Eighth Amendment medical indifference claim against Dr. HLA-PE-WJN **SURVIVES** sua sponte review; and it is further

**ORDERED** that all remaining Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

---

[7] Payment in cash or by personal check is not acceptable. For service by mail, the fee is $8.00 per summons and complaint. The cost of service by mail on the remaining defendant in this action is therefore $8.00.  Plaintiff is also advised that, if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

**ORDERED** that plaintiff is afforded a **final opportunity** to do one of the following two things within thirty (30) days: (1) submit a signed and completed IFP application, certified by an appropriate official at his current facility, for the Court to consider in accordance with 28 U.S.C. § 1915;[8] or (2) submit a motion requesting service by the United States Marshal; and it is further

**ORDERED** that in the event plaintiff fails to timely submit a fully completed IFP application or motion requesting service by the United States Marshal, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of the Court pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, and Northern District of New York Local Rule 41.2(b).  In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that in the event plaintiff timely submits a fully completed IFP application or motion requesting service by the United States Marshal, the Clerk shall return this matter to the Court for further review; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this

---

[8] Certified account statements may be submitted in lieu of the completed certificate portion of the IFP application.  *See* 28 U.S.C. § 1915(a)(2).

Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

    **ORDERED** that the Clerk shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

    **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff, together with a blank IFP application.

**IT IS SO ORDERED.**

Dated: December 20, 2022
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge